SCANNED at MWCI
and Emailed
11/13/17 by H   5 pages
date    initials  No.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JAMES A. HARNAGE                                CIVIL NO.: 3:14-CV-1366 (AWT)

VS.

CAROL CHAPDELAINE, ET AL                        DATED: 11/10/17

MOTION FOR RECONSIDERATION

RE: MOTION TO DISMISS (DOC. NO. 59)

The plaintiff hereby moves this court for Reconsideration of the grant of the Defendants Motion To Dismiss, (Doc. No. 59), whereby the court has misinterpreted the current status of the parallel state court action and whether such action will adequately and <u>completely</u> protect the plaintiffs rights, who now therefore avers:

I. <u>FACTS</u>:[1]

The plaintiff brought his parallel state court action challenging, inter alia, those claims presented by this action. Plaintiff named all except one defendant, Peter Murphy; ONLY as Individual Capacity defendants. The state court, limited the service of process fees, for the State Marshal, to an amount only sufficient enough to cover two (2) defendants, Peter Murphy and Correctional Counselor Seminoe. Whereas the remaining defendants were only named in an individual capacity, these are the only 2 defendants in the state court action.

By virtue thereof, the only claims that can be litigated in the state action, are those claims against the 2 defendants who were served, neither of whom, may be held accountable for the actions of the other defendants. Although the

---

FN1: Plaintiff has only stated facts as are relevant to this motion and presumes the court to be familiar with its Order Re: Motion To Dismiss Doc. No.: 72.

1

plaintiff names additional defendants in the state action, because he did not sue them in an official capacity, and because they were never served in an individual capacity, all of the individuals presumed by this court to be parties in the parallel state court action, and the claims presented against them; simply are NOT defendants or claims presented any longer by the state court action. Although originally pled in the complaint, the state court DOES NOT have any jurisdiction over them.

II. ARGUMENT:

"[F]ederal Courts have a 'virtually unflagging obligation' to exercise jurisdiction over cases properly brought before them." Doc. 72 citing Colorado River, 424 U.S. at 817-18 "[A]bstention is the exception, exercise of jurisdiction the rule". United Fence & Guard Rail Corp., vs. Cuomo, 878 F.2d 588, 593. "There is a heavy presumption favoring the exercise of jurisdiction." Bethlehem Contracting Co., vs Lehrer/McGovern, Inc., 800 F.2d 325, 327 (2d Cir. 1986) Doc. No.: 72 at 7-8.

"The principles of Colorado River, [require] a finding that the concurrent proceedings are parallel...Doc. 72 at 8, citing Dittmer vs. County of Suffolk, 146 F.3d 113, 117-18. "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forume." Id at 118 (quoting Day vs. Union Mines, Inc., 862 F.2d 652, 655.

"[T]he rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court...wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal court to exercise the jurisdiction given them." Id..."[A] court must carefully balance several factors, with the balance heavily weighted in favor of the exercise of jurisdiction." Doc 72 at 9, quoting Moses H. Cone Memorial

Hosp. vs. Mercury Const., 460 U.S. 1, 16 (1983) (internal quotation marks omitted).

"These factors include, [inter alia],:

(1) the assumption of jurisdiction by either court over any res or property;

(2) the inconvenience of the federal forum;

(5)[2] whether state or federal law supplies the rule of decision; and

(6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

Village of Westfield vs. Welch's, 170 F.3d 116, 121.

These Four (4) Factors, favor the retention of jurisdiction in this matter by this court.

"As to the first factor, the assumption of jurisdiction over any res or property, the actions do not involve jurisdiction over property. The absence of a res points toward exercise of federal jurisdiction." Doc 72 at 11, quoting Village of Westfield, 170 F.3d at 122.

"As to the second factor, the convenience of the forum, the all parties live and/or work in Connecticut, and both cases were brought in Connecticut. The Second Circuit has held that where the federal court is just as convenient as the state court, the factor favors retention of the case in federal court." Id.

---

FN2: Factors 3 and 4 were correctly decided by this court in favor of abstention and are not discussed herein.

As to the fifth factor, where this court has erred, as to whether state or federal law supplies the rule of decision; because the court erred as to whether or not the defendants here are properly before the state court, or whether the actions alleged against these defendants can remain pending, when those defendants were never served; this court ruled in err on this factor. This factor must weigh heavily in <u>favor of jurisdiction</u> precisely because there are not any Connecticut Constitutional or statutory claims pending against any of these state defendants!

"[T]he presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]." <u>Moses H. Cone</u>, 460 U.S. at 26.

As to the sixth factor, where this court has erred, because this court failed to recognize, what the plaintiff has clearly pled; that there are only TWO (2) active defendants in the parallel state court action. "This factor...is more important [because] it weighs in favor of federal jurisdiction." <u>Bethlehem Contracting Co.</u>, 800 F.2d at 328.

"In analyzing the sixth factor...federal courts are to determine whether the 'parallel state-court litigation will be an <u>adequate vehicle</u> **for the complete and <u>prompt</u> resolution <u>OF THE ISSUES</u>** between the **PARTIES**.'" Doc 72 at 14 citing, <u>Village of Westfield</u>, 170 F.3d at 12; (quoting <u>Moses H. Cone</u>, 460 U.S. at 28). (emphasis added)

Here this court has failed to recognize that the whole reason the plaintiff brought this instant action, is because the state court action **DOES NOT** have any jurisdiction over the defendants who were not served, or the <u>ISSUES</u>for which they were responsible. Although the plaintiff alleged claims against these defendants in the complaint to his state court action, there was no service of process.

The 2 defendants remaining in the state court action, Murphy and Seminoe, were not a part of the same alleged conduct as the remaining defendants. In the state action, Murphy is alleged to have instituted the policy of denying inmates the use of a privacy sheet and for failing to prevent the performance of public strip searches once he was notified of the staff conducting them. Seminoe, was responsible for interfering with the plaintiffs right to confidential attorney-client communications. None of these issues, are claims brought against the remaining defendants.

Therefore, the reasons herein set forth, plaintiff prays this court grant Reconsideration of the defendants Motion To Dismiss, and Deny same.

BY _____
James A. Harnage #149472
1153 East St. South
Suffield, CT. 06080

CERTIFICATION OF SERVICE

The undersigned hereby certifies the foregoing was submitted 11/10/17 for e-filing to:
James W. Caley AH
AAG, ~~Stephen R. Finucane~~, 110 Sherman St., Hartford, CT. 06105

BY _____
Plaintiff