UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES A. HARNAGE,<br>　　Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:14cv1366(AWT) |
| WARDEN CHAPDELAINE, ET AL.,<br>　　Defendants. | :<br>:<br>: |

**RULING AND ORDER**

The plaintiff, James A. Harnage, is incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut ("MacDougall-Walker"). Pending before the court is the plaintiff's motion for reconsideration filed pursuant to Local Rule 7(c), D. Conn. L. Civ. R. See Mot. Recon., ECF No. 83]. The plaintiff asks the court to reconsider its order granting the motion to dismiss the complaint. For the reasons set forth below, the motion for reconsideration is being denied.

I. **Procedural Background**

The plaintiff initiated this action by filing a complaint pro se pursuant to 42 U.S.C. § 1983 against over 30 Department of Correction employees. See Compl., ECF No. 1. He subsequently filed a first amended complaint, and the court granted the plaintiff leave to file a second amended complaint. See Am. Compl., ECF No. 10; Second Am. Compl., ECF No. 45. On August 18, 2016, the court dismissed the claims in the second

amended complaint against the State of Connecticut Department of Correction and concluded that the unconstitutional strip search, privacy and retaliation claims should proceed against Wardens Carol Chapdelaine and Peter Murphy, Correctional Officers Peters, Hammond, McCarly, Vargas, Lapila, Bond, Gonzalez, Velasquez, Martinez, Beaudry, Gondruszka, Shepard, Melendez and Doe in their individual and official capacities. See Ruling Pending Mots., ECF No. 50 at 7-8.

On September 26, 2016, the defendants filed a motion to dismiss addressed to the First, Fourth, Eighth and Fourteenth Amendment claims in the second amended complaint. In the motion to dismiss, the defendants asserted four arguments. See Mem. Supp. Mot. Dismiss, ECF No. 59 at 8, 9, 11, 14-17. They argued that: (1) the Eighth Amendment claims asserted in counts one, three, six and seven failed to state a claim upon which relief may be granted; (2) the Fourteenth Amendment due process claim asserted in counts one, two and three failed to state a claim upon which relief may be granted; (3) they were entitled to qualified immunity as to the Fourth Amendment claims directed to the searches that were conducted in view of other inmates and correctional staff; and (4) the First Amendment retaliation and Fourth Amendment search claims which had also been raised in an

2

identical pending state court action should be stayed or dismissed pursuant to Colorado River abstention.

Although the motion to dismiss raised arguments addressed to the plaintiff's Eighth and Fourteenth Amendment claims, the plaintiff did not respond to those arguments. Thus, the court considered the Eighth and Fourteenth Amendment claims to have been abandoned and did not find it necessary to address the defendants' arguments pertaining to those claims.

It was apparent that the abstention argument was addressed to the Fourth Amendment strip search and First Amendment retaliation claims that had also been raised in the state court action. See Mem. Supp. Mot. Dismiss at 15 (comparing First Amendment retaliation and Fourth Amendment strip search claims raised in this action and state court action). The Eighth and Fourteenth Amendment claims raised in this action were not raised in the state court action. See id., Ex. A, ECF No. 59-2 (complaint filed in state court action).

Although not addressed explicitly, the court considered the plaintiff's Eighth and Fourteenth Amendment claims to have been abandoned given the plaintiff's decision not to respond to the arguments seeking dismissal of those claims. Accordingly, the Eighth and Fourteenth Amendment claims were simply abandoned by

3

the plaintiff, and the First and Fourth Amendment claims were dismissed by the court based on Colorado River abstention.

On September 7, 2017, the court granted the motion to dismiss on the ground that abstention under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), was warranted and that dismissing, rather than staying, the action was appropriate given the scope of the state court action. See Order, ECF No. 72. On September 21, 2017, the Clerk entered judgment dismissing the case pursuant to the court's order granting the motion to dismiss. See ECF No. 76. On October 20, 2017, the plaintiff filed a notice of appeal of the judgment dismissing the case. See Notice, ECF No. 80. On November 14, 2017, the plaintiff filed a motion for reconsideration of the order granting the motion to dismiss with respect to the Fourth Amendment strip search and First Amendment retaliation claims.

## II. Legal Standard

As a general matter, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).

Fed. R. Civ. P. 62.1, however, permits a district court to deny a motion filed after the entry of a judgment or order in a situation where the district court lacks authority to grant the motion because an appeal is pending, as long as the motion was timely filed. See Rule 62.1, Fed. R. Civ. P. ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.")

The plaintiff filed several motions for extension of time to file his Local Rule 7(c) motion for reconsideration because he did not timely receive notice of the court's order granting the motion to dismiss. See Mots. Ext. Time, ECF Nos. 73, 79. On October 25, 2017, the court granted the plaintiff a final extension until November 15, 2017, to file his motion. See Order, ECF No. 82. As indicated above, the plaintiff filed his motion for reconsideration on November 14, 2017. Thus, the court considers the motion to have been timely filed. The court concludes that it has jurisdiction to review the motion for reconsideration under Rule 62.1, Fed. R. Civ. P. See, e.g.,

United States v. Peterson, No. 04 Cr. 752(DC), 2013 WL 1830217, at *2 (S.D.N.Y. May 1, 2013) (exercising discretion under Fed. R. Civ. P. 62.1 to deny Rule 60(b) motion because it was untimely and meritless); Harry v. Suarez, No. 10 Civ. 6756(NRB), 2012 WL 2589080, at *1 (S.D.N.Y. May 18, 2012) (retaining jurisdiction under Fed. R. Civ. P. 62.1 to deny motion for reconsideration of ruling on motion for summary judgment).

Pursuant to Rule 7(c), D. Conn. L. Civ. R., "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions." Generally, reconsideration will be granted only if the moving party can identify "controlling decisions or data that the court overlooked" and that would reasonably be expected to alter the court's decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A party's identification of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" may also constitute sufficient reasons to grant a motion for reconsideration. Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). A party may not, however, use a motion for reconsideration to re-argue prior

issues that have already been decided, present "new theories" or arguments that could have been raised earlier, seek a new hearing "on the merits, or [to] otherwise tak[e] a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

## III. Discussion

In dismissing the First and Fourth Amendment claims, the court considered the factors set forth in Village of Westfield v. Welch's, 170 F.3d 116 (2d Cir. 1999), for determining whether abstention was appropriate pursuant to Colorado River. See Order, ECF No. 72 at 9. Those factors included:

> (1) the assumption of jurisdiction by either court over any res or property;
> (2) the inconvenience of the federal forum;
> (3) the avoidance of piecemeal litigation;
> (4) the order in which jurisdiction was obtained;
> (5) whether state or federal law supplies the rule of decision; and
> (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

See id. (quoting Village of Westfield, 170 F.3d at 121.

The court considered each factor and determined that the first, second and fifth factors weighed in favor of retaining jurisdiction and the third, fourth and sixth factors weighed in favor of abstention. See id. at 11-14. The court concluded

7

that the "relevant factors," including the avoidance of piecemeal litigation and the fact that the state court action had progressed further than the federal action, "weighed in favor of abstention." Id. at 14.

The plaintiff contends that the court erred in determining the weight of the fifth and sixth Village of Westfield factors. The plaintiff's concern is that only two of the defendants in the state action have been served with the complaint filed in that action and that he only sued those defendants in their individual capacities. He believes that his rights will not be protected because the only claims that will be litigated in the state action are the claims against these two defendants.

The court notes, however, that all of the defendants in the complaint filed in the state court action were named in their individual and official capacities. See Harnage v. Murphy, No. HHD-CV14-5037637-S (Conn. Super. Ct. March 11, 2014) (Party & Appearance Information and Complaint at 4-7)[1] & Defs.' Mem. Supp. Mot. Dismiss, Ex. A, ECF No. 59-2 at 5-8. In addition, all defendants are still listed on the docket as defendants. See

---

[1] Information regarding this action may be found at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up; Civil/Family/Housing/Small Claims; Case Look-up by Docket Number using HHD-CV14-5037637-S (Last visited on 4/10/18).

Harnage, No. HHD-CV14-5037637-S (Party & Appearance Information).

Furthermore, in ruling on a motion to dismiss filed in that action, the state court judge did not specifically dismiss any defendants from the action. See Harnage v. Murphy, No. HHDCV145037637, 2017 WL 4812422, at *21 (Conn. Super. Ct. Aug. 31, 2017). Rather, the judge denied the motion as to certain counts and granted the motion as to certain counts. See id. Thus, the plaintiff's concern that the case in state court will not protect his rights because it is only proceeding as to a few defendants in their individual capacities is without merit.

The plaintiff has not otherwise pointed to any facts or decisions that the court overlooked in ruling that abstention was appropriate with respect to the Fourth and First Amendment claims.

**IV. Conclusion**

Accordingly, the Motion for Reconsideration [**ECF No. 83**], which is addressed to the dismissal of the Fourth and First Amendment claims on the ground of abstention, is hereby **DENIED**.

It is so ordered.

9

Signed this 10th day of July 2018, at Hartford, Connecticut.

```
                         /s/AWT
                    ──────────────────
                    Alvin W. Thompson
                 United States District Judge
```